**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50235 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01198-LAB-1 |
| v. | |
| FREDI VARGAS-ESTUDILLO, AKA Alfredo Vargas-Estudillo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Fredi Vargas–Estudillo appeals his conviction for attempted re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction under 28 U.S.C. § 1291. We hold that the district court erred in denying Vargas–Estudillo's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

discovery request, and otherwise deny the challenge to his conviction.

1. The district court denied Vargas' motion to dismiss the indictment because it found that the government's failure to preserve a video recording of the pedestrian lane at the Port of Entry was the result of mistake, not bad faith. This finding was not clearly erroneous. *See United States v. Zaragoza–Moreira*, 780 F.3d 971, 977 (9th Cir. 2015). Accordingly, the district court did not err in denying Vargas–Estudillo's motion to dismiss the indictment.

2. We conclude, however, that the district court erred in denying Vargas–Estudillo's motion for a list of people who applied for admission at the San Ysidro Port of Entry on March 6, 2015, at approximately 5:23 p.m. through the SENTRI lane and booth opposite of the SENTRI lane. These people may have been in a position to observe Vargas and his interaction with the Border Patrol, and the defense should have been allowed to endeavor to interview them. *See United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984) ("Witnesses, particularly eye witnesses, to a crime are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them." (citation omitted)); *see also United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (holding that the materiality requirement of Fed. R. Crim. P. 16(a)(1)(E)(i) is satisfied if a defendant presents "facts which would tend to show that the Government is in possession of information helpful to the defense" (citation

2

omitted)).

3. Because the list of witnesses was not turned over, Vargas cannot know, nor can he show, that "there is a likelihood that the outcome of the trial would have been different if discovery had been granted." *United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2012) (citing *Stever*, 603 F.3d at 754). Nor is it possible, based on the appellate record, "for us to determine whether the result of [Vargas–Estudillo's] trial would have been different if [the list of witnesses] had been disclosed to him." *Id*. Accordingly, we remand and instruct the district court to order the production of the witness list and determine whether the list "would have led to . . . information that might have altered the verdict." *Id.* (citations omitted). The district court "shall order a new trial" if it concludes that testimony from any disclosed witness "could have affected the outcome of the trial." *Id*.

**VACATED and REMANDED with instructions.**